UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 2, 2019

LETTER TO COUNSEL

      RE:    *Barry S. c/o Mary Ann S. v. Commissioner, Social Security Administration*;
              Civil No. SAG-18-2314

Dear Counsel:

      On July 27, 2018, Plaintiff Mary Ann S., as substitute plaintiff for her deceased husband, Barry, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability benefits. ECF 1. I have considered the parties' cross-motions for summary judgment.[1] ECF 13, 17, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      After multiple prior denials of benefits, Tr. 9, Barry protectively filed a claim for Disability Insurance Benefits ("DIB") on October 25, 2012, alleging a disability onset date of April 2, 2010. Tr. 151-55. Plaintiff's Date Last Insured ("DLI") was December 31, 2012, so he had to establish disability on or before that date to qualify for DIB. Tr. 157. His claim was denied initially and on reconsideration. Tr. 94-97, 101-02. A hearing was held on December 12, 2014, before an Administrative Law Judge ("ALJ"), and Barry appeared and testified at the hearing. Tr. 19-76. Following that hearing, the ALJ determined that Barry was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 6-18. Following appeal to the United States District Court, the case was remanded to the Commissioner for further proceedings. Tr. 478-80. Because Barry died in 2016, Plaintiff substituted as the adversely affected party, Tr. 494-97, and appeared at a second hearing, before a different ALJ, on April 27, 2017. Tr. 455-70. Following that hearing, on September 6, 2017, the new ALJ also issued an opinion denying benefits. Tr. 425-41. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 418-24, so the ALJ's 2017 decision constitutes the final, reviewable decision of the SSA.

---

[1] Following correspondence from the Court regarding the adequacy of the citations in her original memorandum, Plaintiff filed a revised Memorandum in Support of Motion for Summary Judgment, ECF 19, which has been considered instead of ECF 13-1. The SSA declined the opportunity to file an additional response. ECF 21.

In that opinion, the ALJ found that, during the relevant period preceding his DLI, Barry suffered from the severe impairments of "plantar fasciitis, discogenic degeneration in the back, degenerative arthritis, and pes planus (flatfeet)." Tr. 430. Despite these impairments, the ALJ determined that, through his DLI, Barry retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except he could lift 10 pounds occasionally and less than 10 pounds frequently. He could stand or walk for 2 hours out of an 8-hour workday for no more than 15 to 20 minutes at one time. He could sit for 6 hours out of an 8-hour workday. He could stand up for a few minutes after one hour. He could perform postural activities occasionally. He could not climb ladders, ropes or scaffolds.

Tr. 431. Based on Barry's RFC, the ALJ determined that Barry could perform his past relevant work as a human personnel manager, customer service representative, and record management analyst. Tr. 434-35. Accordingly, the ALJ concluded that Barry was not disabled during the relevant time frame. Tr. 435.

In support of his appeal, Plaintiff advances several general arguments with a great number of subparts, including: (1) that the ALJ erred at step two by failing to find Barry's cervical spondylosis to be severe, ECF 19 at 12-13; (2) that the ALJ erred in evaluating the listings, ECF 19 at 13-15; and (3) a plethora of other arguments pertaining to the ALJ's compliance with the prior remand order, the RFC assessment, the VE testimony, and the evaluation of Barry's disability ratings from the Veterans' Administration. ECF 19 at 8-11, 15-32. For the reasons discussed below, I agree that the ALJ erred as to the evaluation of Barry's cervical symptoms at step two, and as to the listing analysis at step three, and I therefore remand the case for further analysis. In ordering remand, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. Moreover, I disagree with Plaintiff's contention that the ALJ failed to follow this Court's prior remand order, and I further disagree with many of the other myriad arguments Plaintiff raises. In the interest of judicial efficiency, I will limit my analysis below to Plaintiff's two meritorious arguments.[2]

First, Plaintiff asserts that the ALJ should have found Barry's cervical spondylosis to be "severe." ECF 19 at 12-13. An impairment is considered "severe" if it significantly limits the claimant's ability to do basic work activities. *See* 20 C.F.R. § 404.1522. The claimant bears the burden of proving that an impairment is severe. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Importantly, a claimant's burden of showing a severe impairment at step two is only a "*de minimis* screening device used to dispose of groundless claims." *See Taylor v. Astrue*, Civil Action No. BPG-11-0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (emphasis added)); *see also Felton-Miller v. Astrue*,

---

[2] Although not a basis for remand, I note that the ALJ's analysis of Plaintiff's hearing testimony did not include any analysis of the various statements made by, or testimony provided by, Barry before his death. Tr. 432. On remand, the ALJ should determine whether analysis of statements made by the actual claimant in this matter should be included.

459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a *de minimis* severity requirement.") (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). Accordingly, any doubt or ambiguity in the evidence at step two should be resolved in the claimant's favor. *See* SSR 85-28, 1985 WL 56856 (S.S.A. Jan. 1, 1985).

Here, the ALJ acknowledged that Barry had been diagnosed with cervical spondylosis, but then stated, "Treatment records note conservative treatment of neck pain with Naprosyn and Tramadol." Tr. 431. The nature of the treatment for the condition does not indicate whether or not the condition would significantly limit the claimant's ability to do basic work activities. The ALJ also did not mention Barry's neck pain and symptoms in the remainder of the RFC analysis. Thus, although the ALJ continued with the sequential evaluation process after finding other severe impairments, she did not consider the non-severe cervical symptoms when considering any impact on Barry's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, the step two error cannot be deemed harmless, and it necessitates remand.

Second, Plaintiff asserts that the ALJ should have found Barry to meet the criteria of Listings 1.02 and 1.04. ECF 19 at 12-15. First, with respect to Listing 1.02 for joint impairments, the ALJ did not identify that listing as one requiring discussion. Under existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing could be met. *See Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). Plaintiff's brief does not cite the criteria of Listing 1.02 or point the Court to specific medical evidence to fulfill each criterion. This Court's review of the record did not reveal ample evidence to suggest that Listing 1.02 might be met.

However, as to Listing 1.04, the ALJ asserted:

> The claimant's back impairment was not attended by clinical findings that satisfy the requirements of any of the impairments detailed in Section 1.04 of Appendix 1, dealing with disorders of the spine. Specifically, the claimant does not demonstrate an inability to ambulate effectively as described in Section 1.00B2b.

Tr. 431. Listing 1.04 includes three subsections, each identifying a different condition and containing its own list of relevant criteria. "Inability to ambulate effectively" is only one criterion for one of the three subsections, that of 1.04C (lumbar spinal stenosis). By suggesting that she had considered "any of the impairments detailed in Section 1.04," the ALJ triggered a duty to perform an appropriate analysis of each of those subsections for this Court's review.

In *Fox v. Colvin*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's determination of whether any of a claimant's impairments meets a listing at

step three of the sequential evaluation. 632 F. App'x 750 (4th Cir. 2015). The ALJ in *Fox* stated:

> Although the claimant has "severe" impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

*Id.* at 754-55. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). That is, the ALJ did not apply the disability listing to any findings or medical evidence and "offered nothing to reveal *why* he was making his decision." *Id.* (emphasis in original). The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. *Id.* Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[ ] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The *Fox* Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.* That analysis applies here as to Listings 1.04A and 1.04B, because the ALJ identified those provisions, but did not address any of the relevant criteria, or provide any evidence to support or refute a finding that the criteria had been met.

Moreover, in light of the record evidence in this case, which does include at least some objective documentation of lumbar and cervical issues in addition to the claimant's subjective complaints, I do not find the evidence to be "so one-sided" as to permit the Court to reach a conclusion without any analysis to review. *See also Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (unpublished) (per curiam) (remanding the case when the decision of the ALJ was deficient despite the Commissioner's contention that the listing clearly was not met, finding that the claimant's "medical record [was] not so one-sided" that the court could say the listing was not implicated).

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 13, is DENIED, and Defendant's Motion for Summary Judgment, ECF 17, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge